IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN FRANCIS, | § | |
|       Petitioner, | § | |
| | § | |
| v. | § | No. 3:20-cv-00711-S (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
|       Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

John Francis, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DISMISS Francis's claims, or in the alternative, DENY his claims.

I.

On March 13, 2019, Francis pleaded guilty, pursuant to a plea agreement, to two counts of indecency with a child in the 40th District Court of Ellis County, Texas. *See The State of Texas v. John Arthur Francis*, Cause No. 44055CR; *The State of Texas v. John Arthur Francis*, Cause No. 44056CR. On the same date, the court sentenced him to ten years' imprisonment on each count, with both counts to run concurrently. Francis did not file a direct appeal. But, on December 21, 2019, he filed two state habeas applications challenging both convictions. The Texas Court of Criminal Appeals (CCA) denied the state writs without written order on

1

the findings of the trial court without a hearing on March 4, 2020. Then, on March

24, 2020, Francis filed his § 2254 petition (ECF No. 3) in this Court.

In his petition, Francis challenges only his conviction in Cause No. 44055CR.

He states:

1. His attorney provided ineffective assistance of counsel by failing to conduct an adequate investigation.
   a. His attorney failed to interview potential alibi witnesses;
   b. His attorney failed to discover any potential exculpatory evidence;
   c. His attorney failed to challenge the credibility of witnesses;
   d. His attorney failed to investigate the experts' statements; and
   e. His attorney failed to request DNA testing.

2. His attorney provided ineffective assistance of counsel when he advised Francis to enter a plea.
   a. His attorney him led to believe that he faced two cases where the criminal episode was one isolated incident;
   b. His attorney failed to provide him with basic facts of the case;
   c. His attorney did not assert affirmative defenses; and
   d. His attorney failed to move the court for "Joinder" of the two cases.

3. His attorney provided ineffective assistance of counsel by failing to move the court for deferred adjudication and community supervision.
   a. His attorney did not assert an affirmative defense;
   b. His attorney failed to inform the court that he lacked a criminal history;
   c. His attorney failed to give him warnings or waivers; and
   d. His attorney failed to submit his medical records.

    4.      The trial court failed to consider his eligibility for deferred adjudication.
        a.     He entered an affidavit/unsworn declaration attesting to the trial court's actions.

In response, the Director argues: (1) Francis's plea was both knowing and voluntary; (2) Francis's ineffective assistance of counsel claims are either waived by his guilty plea or dismissed as conclusory; (3) Francis's trial court claim fails to state a federal constitutional violation; and (4) Francis failed to meet his burden of proof under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) as the CCA's denial of his claims was an adjudication on the merits.

Francis did not file a brief in opposition; instead, he filed an amended petition (ECF No. 26), in which he states:

    1.      His attorney provided ineffective assistance of counsel by failing to conduct an adequate investigation.
        a.     "[Child Protective Services] never came to see [him]; They have to be the ones to charge you[.]"
        b.     His attorney failed to challenge the credibility of the witnesses.
        c.     "DNA was taken; no physical evidence[.]"
        d.     He has cerebral palsy, and the court did not consider his medical condition due to having an I.Q. of 74.
        e.     His attorney failed to present any medical records.

    2.      A presentence investigation report (PSI) was never done, and counsel failed to present any motions for deferred adjudication or supervision, which was ineffective assistance of counsel.
        a.     His attorney failed to inform the court of his lack of criminal history.
        b.     His attorney did not assert a defense.

    3.      He was granted an appeal at a hearing, but he never got one, which was ineffective assistance of counsel.

      a.     His attorney failed to make a motion to help him.

      b.     His attorney never told him that or explained that he had a right to this.

      c.     On March 12, 2019, the waiver of the right to file a motion for a new trial and/or appeal was filled out.

4.     He received ineffective assistance of counsel when his attorney failed to conduct an adequate investigation.

      a.     His attorney failed to interview potential alibi witnesses.

      b.     His attorney failed to challenge the credibility of the witness.

      c.     His attorney failed to investigate expert statements.

      d.     His attorney failed to look into the fact that the police never showed a warrant.

      e.     His attorney failed to see a change of statement when he spoke to the police and Child Protective Services.

The matter is fully-briefed and ripe for determination.

## II.

The Court should dismiss Francis's claims because they are conclusory. His petition and amended petition outline numerous grounds for relief, but Francis provides no facts in support of his claims. Under Rule 2(c) of the Rules Governing § 2254 Cases, a habeas petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Habeas Corpus Rule 2(c). Conclusory and speculative allegations are insufficient to entitle a petitioner to relief under § 2254. *West v. Johnson*, 92 F.3d 1385, 1398-99 (5th Cir. 1996); *Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996). Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . .

mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) (noting that where a habeas petitioner fails to brief an argument adequately, it is considered waived). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Francis's original petition consists of a mere outline of vague and conclusory claims. On January 14, 2021, the Court sent him a Notice of Deficiency and Order (ECF No. 21) directing him to provide specific, substantive facts with respect to each of his claims. The Court provided him a copy of the court-approved form for filing a petition for writ of habeas corpus under § 2254, gave him 30 days to comply, and warned him that failure to remedy the deficiency may lead to dismissal of his petition. When Francis responded on February 23, 2021, he did not provide specific, substantive facts regarding his claims. (ECF Nos. 24, 25.) Rather, he filed two motions informing the Court that he did not know what he was supposed to do next, he is disabled, his I.Q. is only 24, and once again, he argued that he needs a lawyer to assist him.[1]

---

[1] Since he filed his petition, Francis has asked for an attorney on at least three occasions. (ECF Nos. 18, 20, 25.) However, the Court has denied his motions because he has failed to demonstrate that he is entitled to the appointment of counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (holding a petitioner

Then, on February 25, 2021, the Court received Francis's amended petition. Again, Francis fails to provide any facts to support his bare allegations. For instance, he summarily alleges that "[c]ounsel failed to make a motion to help [him]." Am. Pet. 7 (ECF No. 26). He does not suggest what type motion should have been filed or how he was prejudiced by his attorney's failure to file the unspecified motion. He also summarily alleges that "[c]ounsel never told [him] that or expected [his] right to this." *Id.* Francis baldly asserts that his attorney provided ineffective assistance of counsel when he failed to look into the fact that the police never showed a warrant. *Id.* This assertion simply lacks any pertinent facts to support it. He mentions a "warrant," but he fails to suggest whether he is referring to a search warrant or an arrest warrant, and otherwise, there are no contextual clues in the claim. His conclusory claims are insufficient to state a basis for habeas corpus relief. *See Ross*, 694 F.2d at 1012 ("mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"). Consequently, Francis's petition and amended petition should be dismissed.

III.

In the alternative, Francis's petition should be denied on the merits.

---

has no right to the appointment of counsel in a habeas proceeding.)*; see also Wright v. West*, 505 U.S. 277, 293 (1992) (noting that there is no Constitutional right to counsel in habeas corpus proceedings). Admittedly, "a § 2254 petitioner should be appointed counsel when 'the interests of justice so require.'" *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir.2011) (per curiam). But Francis has not made the requisite showing here, and he is therefore not entitled to appointed counsel.

**1. Knowing and Voluntary Plea**

Francis appears to argue that his plea was involuntary because his attorney: (1) led him to believe he faced two cases where the criminal episode was one isolated incident; (2) failed to provide him with basic facts of the case; (3) did not assert an affirmative defense; and (4) failed to move for joinder of the two cases. Pet. 6 (ECF No. 3).

A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). "The critical issue in determining whether a plea was voluntary and intelligent is 'whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect.'" *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (quoting *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991)). Assessing whether a guilty plea was valid is a question of law, but historical facts are entitled to a presumption of correctness. *See Parke v. Raley*, 506 U.S. 20, 35 (1992) (citing *Marshall v. Lonberger*, 459 U.S. 422, 431 (1983)); *see also United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000) (citing *United States v. Amaya*, 111 F.3d 386, 388 (5th Cir. 1997)). The issue before a court when a petitioner claims his plea was not knowing and voluntary is whether the denial of relief by the state court was contrary to, or an unreasonable application

7

of, federal law. *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000); *see also* 28 U.S.C. § 2254(d)(1).

Francis fails to allege any facts in support of his allegation that his plea was not knowing and voluntary due to his attorney's alleged ineffective assistance of counsel. Notably, he fails to allege that he was not properly informed of the nature of the charges against him, either by his attorney or the trial court, prior to his guilty plea. In addition, on March 12, 2019, Francis signed the admonishments, waivers, and stipulations, which included the following statement:

> I admit and judicially confess that I am the same person named in the charging instrument and I committed the offense as charged or included in the charging instrument including any amendments or modifications thereto.

State Habeas Ct. R. -02 at 35.

Francis also was fully advised regarding the punishment range in open court. The court informed him that his second degree felony carried "imprisonment in the Institutional Division of the Texas Department of Criminal Justice for a term of not more than 20 years or less than 2 years; in addition, a fine not to exceed $10,000 may be imposed." *Id.* 34. The record demonstrates that Francis rejected the State's initial higher plea offer but accepted a 10-year plea bargain where the sentences would run concurrently. *Id.* 129-30, 133-34 (attorney Bishop's Affidavit). After being fully advised, Francis still elected to plead guilty, both freely and voluntarily. *Id.* 163-64 (Findings and Conclusions). Therefore, Francis's claim

that his plea was not knowing and voluntary should be denied on the basis that it is inconsistent with the record.

Francis bears the burden here to rebut the presumption of regularity given to court records. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity," which create a "formidable barrier in any subsequent collateral proceedings."); *see also United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). However, Francis fails to meet his burden, as he does not point to any evidence in the record to support his conclusory claim. Accordingly, Francis's claim that his plea was involuntary due to ineffective assistance of counsel should be denied as inconsistent with the record.

In addition, the CCA adopted the state habeas court's findings when it denied Francis's state writ application. In pertinent part, the state habeas court found, "[Francis's] plea was not involuntary." State Habeas Ct. R.-02 at 164 (Finding of Fact No. 12(k)). The court also found that Francis's attorney "thoroughly reviewed all the evidence, any potential defenses, the state of the law regarding stacked sentences, and her experience with the court's history in similar cases." *Id.* 162-63 (Finding of Fact No. 12(b)). Finally, the court found that Francis's attorney reviewed all the plea documents with him prior to his guilty plea. *Id.* 163 (Finding of Fact No. 12(c)). After being fully informed by his attorney, and properly warned, Francis still elected to plead guilty.

A knowingly and voluntary guilty plea waives all non-jurisdictional defects taking place prior to the plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also Taylor v. Whitley*, 933 F.2d 325, 327 (5th Cir. 1991) ("As a general rule, therefore, a convicted defendant may not collaterally attack a voluntary and intelligent guilty plea."). Such waiver includes "all claims of ineffective assistance of counsel, *except* insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the plea." *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (internal citations omitted); *accord United States v. White*, 307 F.3d 336, 343-44 (5th Cir. 2002). A guilty plea serves as more than a more confession, it is "an admission that [the defendant] committed the crime charged against him." *United States v. Broce*, 488 U.S. 563, 570 (1989) (quoting *North Carolina v. Alford*, 400 U.S. 25, 32 (1970)). Francis fails to demonstrate that the state court's rejection of this claim was unreasonable.

## 2. Ineffective Assistance of Counsel

In several grounds for relief in his petition and amended petition, Francis appears to allege that his trial counsel provided ineffective assistance of counsel. Pet. 6-7 (ECF No. 3); Am. Pet. 6-7 (ECF No. 26). These claims should be denied because they are waived by his guilty plea.

A petitioner waives all non-jurisdictional defects in the prior proceedings except for challenges to involuntariness and ineffective assistance of counsel that "directly affected the validity of that waiver or the plea itself." *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004) (quoting *United States v. White*, 307

F.3d 336, 343 (5th Cir. 2002)). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett*, 411 U.S. at 267. "[B]ecause (as we have already determined) [the petitioner]'s guilty plea was voluntarily and knowingly made, he cannot now attack the ineffectiveness of his counsel in any respects other than as the alleged ineffectiveness bears upon counsel's faulty advice that coerced a guilty plea." *Smith*, 711 F.2d at 682.

As discussed above, Francis entered a knowing and voluntary plea, including a full understanding of the nature of the charge and consequences of his guilty plea. *See generally* State Hab. Ct. R. -02 at 35-41 (including Written Plea Admonishments). Because Francis fails to demonstrate that his plea was involuntary, his claims that his attorney provided ineffective assistance before he pleaded guilty are barred and waived by his knowing and voluntary plea of guilty.

To succeed on a claim of ineffective assistance of counsel, a petitioner must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 689. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance.

11

*Murray v. Maggio*, 736 F.2d 279, 281-82 (5th Cir. 1984); *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

Additionally, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove prejudice, the court need not address the question of counsel's performance. *Id.* at 697. Merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). "[T]he test for federal habeas purposes is *not* whether [an inmate] made that showing [required by *Strickland*]. Instead, the test is whether the state court's decision—that [the inmate] did *not* make the *Strickland*-showing-was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his [ineffective assistance of counsel] claim." *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003); *Charles v. Thaler*, 629 F.3d 494, 501 (5th Cir. 2011) (citing *Schaetzle*, 343 F.3d at 444); *see also* 28 U.S.C. § 2254(d)(1).

Contrary to Francis's allegations, it appears that his attorney's performance was effective. For instance, the state law issues underlying Francis's ineffective assistance of counsel claims were determined against Francis by the state habeas court when it adopted the state habeas court's written findings of fact and

conclusions of law. *See* State Habeas Ct. R. -02 at 160-66. The state habeas court found that Francis's attorney was not ineffective for failing to request deferred adjudication. Specifically, the state habeas court found:

> a)   Counsel requested a probation offer from the State, but the State was not willing to extend such an offer;
>
> b)   Counsel also investigated the possibility of receiving deferred through an open plea to the court, but she reasonably determined that an open plea would not be advisable in this case;
>
> c)   [Francis] has not shown that the State would have been willing to waive a jury trial to allow an open plea to the court;
>
> d)   [Francis] is not entitled to relief in Ground 3.

*Id.* 164 (Findings and Conclusions); *see also id.* 121-36 (Attorney Bishop's Affidavit). Francis has not submitted evidence in connection with his petition or amended petition to support his ineffective assistance of counsel claims. *See Thompson v. Blackburn*, 776 F.2d 118, 124 (5th Cir. 1985) (noting that despite a petitioner's allegations, he bears the burden of proffering evidence to prove his federal habeas claim). However, even if he did make such a proffer, he is not entitled to supplement the factual development of his claims with evidence, by affidavit or otherwise, if it was not presented to the state habeas court where these claims were raised. *See* 28 U.S.C. § 2254(e)(2) (restricting the discretion of federal habeas courts to consider new evidence when deciding § 2254 claims); *see also Cullen v. Pinholster*, 563 U.S. 170, 186 (2011). Francis has failed to demonstrate

13

that his attorney provided ineffective assistance. Consequently, Francis is not entitled to relief on his ineffective assistance of counsel claims because he has not shown that the state courts' determination of them was factually or legally unreasonable.

### 3. State Law

Francis further appears to allege that he was not considered for deferred adjudication and community supervision. Pet. 7 (ECF No. 3); Am. Pet. 6 (ECF No. 26). This claim arises from Texas law and not the United States Constitution. It is therefore not cognizable in this Court on federal habeas review.

Federal habeas courts do not sit to re-examine state court determinations on questions of state law. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *see also Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). "Under § 2254, federal habeas courts sit to review state court applications of *federal* law. A federal court lacks authority to rule that a state court incorrectly interpreted its own law." *Charles v. Thaler*, 629 F.3d 494, 500-01 (5th Cir. 2011). Federal habeas corpus relief is proper only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254; *Ingle v. Isaac*, 456 U.S. 107, 119 (1982).

Francis's deferred adjudication and community supervision claim requires a determination of state law, so it is not appropriately before this Court on habeas review. The determination by the state court is binding on this Court. *See Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995) (noting that a federal court will defer to a

state court's interpretation of its own laws). This federal habeas court is not the proper forum to address Francis's state law claim.

**4. AEDPA Burden**

Last, Francis fails to meet his burden of proof under the AEDPA. Specifically, the CCA's denial of his claims served as an adjudication on the merits. *See* 28 U.S.C. § 2254(d); *see also Valdez v. Cockrell*, 274 F.3d 941, 950 (5th Cir. 2001) (noting that under the AEDPA, there is a deferential standard of review, and a federal court must defer to a state court adjudication on the merits). An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); *see also Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits."). Francis raises the same grounds for relief before this Court that were raised before the state habeas court, and this Court must defer to the state court determinations.

The Honorable Bob Carroll presided over Francis's guilty plea and state habeas proceedings. *See* State Habeas Ct. R. -02 at "Clerk's Summary Sheet"; at 37-39 (Judgment), 160-66 (Findings and Conclusions). This Court must presume the Judge Carroll's findings are correct. The record reflects that the trial court made credibility choices in favor of the State, and those findings are presumed

correct in this forum.[2] The CCA adopted the trial court's findings after it reviewed trial counsel's affidavit. State Habeas Ct. R. -02 at "Action Taken" sheet; at 121-36 (Bishop Affidavit). Considering the findings and conclusions of the state habeas court, and given its ultimate decision to deny relief, Francis cannot show that this decision was objectively unreasonable. *See* 28 U.S.C. § 2254(d) (finding that relief under § 2254 is not warranted on a claim addressed on the merits by the state court unless the decision was unreasonable); *see also Sumner v. Mata*, 449 U.S. 539, 546 (1981) (noting that the deference afforded under § 2254(d) applies to cases where a state court has made "a determination after a hearing on the merits of a factual issue."). Due to this deference, a federal habeas court must more than simply disagree with the state court before rejecting its factual determinations. Rather, a federal habeas court must determine that the state court's findings were not supported by the record. *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983). Because the state habeas court's rejection of his claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly

---

[2] "[T] state habeas court's factual determinations, including its credibility findings, are entitled to a presumption of correctness." *Richards v. Quarterman*, 566 F.3d 553, 563 (5th Cir. 2009); *see also* 28 U.S.C. § 2254(e)(1) (noting that factual findings and credibility determinations are presumed correct unless they are rebutted with "clear and convincing evidence"). "The presumption [of correctness] is especially strong when the state habeas court and the trial court are one in the same." *Mays v. Stephens*, 757 F.3d 211, 214 (5th Cir. 2014) (quoting *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000)); *see also Boyle v. Johnson*, 93 F.3d 180, 186 (5th Cir. 1996).

established federal law, as determined by the United States Supreme Court, Francis is not entitled to relief.

IV.

The Court should DISMISS Francis's § 2254 habeas case, or in the alternative, DENY it.

Signed March 12, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).