IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN FRANCIS, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:20-cv-00711-S-BT |
| § | |
| DIRECTOR TDCJ-CID, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

John Francis, a Texas prisoner, has filed an untitled *pro se* motion (ECF No. 45) asking "the Court to relook at Cause No. 3:20-cv-711-S-BT," a closed habeas case. The District Court referred the motion to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the reasons stated, the motion should be construed as a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 and TRANSFERRED to the Fifth Circuit Court of Appeals or construed as civil claims and DISMISSED without prejudice to the filing of a civil rights action under 42 U.S.C. § 1983 in the proper venue.

I.

Francis filed this habeas action under 28 U.S.C. § 2254. (ECF No. 3.) His original petition consisted of a little more than an outline of vague and conclusory claims. The magistrate judge issued findings and conclusions, recommending that his petition be dismissed, or in the alternative, denied.

1

(ECF No. 28.) Francis did not file any objections; and on June 18, 2021, the District Court accepted the magistrate judge's findings and recommendation, denied a certificate of appealability, and entered judgment. Ord. (ECF No. 35); J. (ECF No. 36). Francis filed a Notice of Appeal. (ECF No. 37.) But the Fifth Circuit Court of Appeals dismissed his appeal for want of prosecution. (ECF No. 42.) Thereafter, on November 7, 2021, Francis filed the pending motion. As best the Court understands his motion, he appears to ask for reconsideration of the Court's decision denying him habeas relief, and in support, he makes arguments not raised in his initial § 2254 petition.

II.

A motion seeking reconsideration of a prior ruling is evaluated either as a motion under Rule 59(e) or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). The rule under which a motion is considered is determined when the motion is filed. *Id.* If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed beyond that time period, it is analyzed under Rule 60. *Id.* Here, Francis filed his motion on November 7, 2021, more than four months after the Court entered its judgment on June 18, 2021. Therefore, the Court considers the motion under Rule 60(b).

2

When a motion for relief from judgment seeks to advance one or more substantive habeas claims or attacks a federal court's previous resolution of a claim *on the merits*, it is a second or successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005) (concluding that a true Rule 60(b) motion challenges: (1) a procedural ruling, or (2) a defect in the integrity of the federal habeas proceeding, provided that such challenge does not itself lead inextricably to a merits-based attack); *see also Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018); *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007). A motion that challenges the court's failure to reach the merits of the habeas petition is properly evaluated under Rule 60(b). *See Gonzalez*, 545 U.S. at 538. To the extent that the petitioner challenges the integrity of the habeas proceeding, the motion is not the equivalent of a successive petition, and the court can therefore review the claims under Rule 60(b). *Id.* at 532 & n.4; *see also Garrison v. United States*, 2021 WL 4265767, at *1 (N.D. Tex. Sept. 20, 2021). Likewise, when a motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," it is a Rule 60(b) motion. *Storey v. Lumpkin*, 8 F.4th 382, 388 (5th Cir. 2021) (quoting *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014)).

Here, Francis's original claims were so conclusory that they were insufficient to state a basis for habeas relief. To the extent the Court could discern his arguments, Francis appeared to challenge the voluntariness of

3

his guilty plea and the effectiveness of his counsel. Now, Francis appears to advance several new claims. Specifically, he argues that "this" was sent to the Fifth Circuit without his knowledge or written notice "in time as required by Federal law." Mot. 1 (ECF No. 45). He further asks, "if it Pleases the Court, let [him] be released due to [him] hav[ing] Prostate Cancer and having no way of being able to [get] the right food on a [continuous] basis[.]" *Id.* He contends that he is being held against his will. Francis claims that on Friday, his name was not counted on the roster when it was time to count the inmates, the count cleared, and some unnamed person refused to let all the inmates eat in chow hall or watch T.V. from 7 a.m. to 11 p.m., even though it is set forth in the rule book. Finally, he claims that the inmates are being treated like they are in lockdown, and the doors to the cells are still being locked while the inmates are inside. Because Francis advances new claims, his motion should be construed as a second or successive petition. *See Gonzalez*, 545 U.S. at 530-33.

A state prisoner always gets at least one chance to bring a federal habeas challenge to their conviction. *See Magwood v. Patterson*, 561 U.S. 320, 333-34 (2010); *see also Welch v. Lumpkin*, 2021 WL 6205503, at *2 (N.D. Tex. Nov. 19, 2021), *rec. adopted* 2022 WL 19687 (N.D. Jan. 3, 2022). After that, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive petition under § 2254. AEDPA, Publ. L. 104-132,

4

110 Stat. 1214 (1996); *see also Garrett v. Director, TDCJ-CID*, 2021 WL 6065962, at *1 (N.D. Tex. Nov. 8, 2021), *rec. adopted* 2021 WL 6063113 (N.D. Tex. Dec. 20, 2021). A claim presented in a second or successive § 2254 petition that was not presented in a prior petition should be dismissed unless the petitioner can present: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files his second or successive petition in this Court, a three-judge panel of the Fifth Circuit must find that he has made the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B) (stating that before filing a second or successive petition, a petitioner must receive authorization from the court of appeals).

The Fifth Circuit has not issued an order authorizing this Court to consider Francis's second or successive petition, and he must obtain such authorization before filing this second or successive § 2254 petition. *See Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) (stating that the AEDPA serves as a "gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction")).

III.

Finally, to the extent that Francis's new claims could be construed as attacking conditions of confinement, they should be dismissed without prejudice to him filing a civil action under 42 U.S.C. § 1983. A federal writ of habeas corpus under 28 U.S.C. § 2254 is the proper avenue "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *accord Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994); *see also Holleman v. Davis*, 2019 WL 6702588, at *2 (N.D. Tex. Oct. 29, 2019), *rec. adopted*, 2019 WL 6702581 (N.D. Tex. Dec. 9, 2019). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus. An inmate's challenge to the circumstances of his confinement, however, may be brought under [42 U.S.C.] § 1983." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (internal quotation marks and citations omitted). When a prisoner brings "both habeas and § 1983 claims," the court must "'separate the claims and decide the § 1983 claims.'" *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998) (quoting *Orellano*, 65 F.3d at 31). If Francis's new claims are viewed as attacking his conditions of his confinement, and they therefore do not seek habeas relief,

6

the claims should be dismissed without prejudice to his filing an action under § 1983 in the proper venue.[1]

## Conclusion

The Court recommends Francis's motion (ECF No. 45) be construed as a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 and TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). And to the extent that Francis's new claims are construed as attacking his conditions of confinement, they should be DISMISSED without prejudice to his filing a civil rights action under 42 U.S.C. § 1983 in the proper venue.

Signed February 7, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[1] In a civil action, venue is proper in the judicial district where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2). Francis is incarcerated at the Texas Department of Criminal Justice (TDCJ) on the Beto Unit, which is in Anderson County, Texas. The Beto Unit is found in the Tyler Division of the Eastern District of Texas. 28 U.S.C. § 124(c)(1).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn,* 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).